[Civ. No. 59230. Second Dist., Div. Four. Apr. 30, 1981.]

PREFERRED RISK MUTUAL INSURANCE COMPANY, Plaintiff and Appellant, v.
LOUISE HARRISON, Defendant and Respondent.

COUNSEL

Cooksey, Coleman & Howard and Kim Patterson Gage for Plaintiff and Appellant.

Hecker & Kenealy and James N. Kenealy, Jr., for Defendant and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Plaintiff insurance company appeals from an adverse judgment in its action for declaratory relief. We affirm.

Defendant was injured in an automobile accident involving a car driven by an uninsured motorist. She had a policy of automobile insur-

ance with plaintiff which included both the statutorily required uninsured motorist clause and provisions for the payment to her of damages for medical expenses and loss of income. As the result of arbitration under the uninsured motorist clause, it has been found that plaintiff suffered personal injury damages in excess of $17,000. Plaintiff has paid to her $17,000, $15,000 being the policy limit under the uninsured motorist provision, and $2,000 under the medical expense provision. It is stipulated that she suffered a loss of income of $9,000 as such loss is defined in the loss of income provision of the policy. It is plaintiff's contention that it is entitled to setoff, against that $9,000, the amounts paid to her under the uninsured provision. Since the $15,000 paid under the uninsured clause exceeds the amount payable under the loss of earnings clause, the result would be that plaintiff owes defendant no further amount under the policy.[1]

Although the policy contains an express clause under which, if applicable, plaintiff is entitled to the setoff it claims, the trial court refused to allow the setoff. We agree.

## I

Since plaintiff's total damages for personal injury exceed $17,000, plaintiff has conceded, and has paid, $2,000 of the medical expense which exceed its uninsured motorist liability and no setoff as to that amount is herein requested.

## II

In addition to subdivision (e) of Insurance Code section 11580.2, which relates to medical expense claims and, for the reason above set forth is not here applicable, subdivision (h) of that section provides as follows: "(h) An insured entitled to recovery under the uninsured motorist endorsement or coverage shall be reimbursed within the conditions stated herein without being required to sign any release or waiver of rights to which he may be entitled under any other insurance coverage applicable; nor shall payment under this section to such insured be delayed or made contingent upon the decisions as to liability or distribution of loss costs under other bodily injury liability insurance or any bond applicable to the accident. Any loss payable under the terms

---

[1] It is not here claimed that the amount for which the trial court found plaintiff liable is incorrect if plaintiff is not entitled to the claimed setoff.

of the uninsured motorist endorsement or coverage to or for any person may be reduced.

"(1) By the amount paid and the present value of all amounts payable to him, his executor, administrator, heirs, or legal representative under any workers' compensation law, exclusive of nonoccupational disability benefits.

"(2) By the amount the insured is entitled to recover from any other person insured under the underlying liability insurance policy of which the uninsured motorist endorsement or coverage is a part."

■ We conclude, in the light of those two subdivisions, that plaintiff is not entitled to the setoff it here claims. The Legislature has clearly considered the extent to which uninsured motorist payments should be reduced by other insurance; it has singled out three such situations: medical expense, workers' compensation, and the liability of other insureds under the same policy. *Inclusio unius est exclusio alterius*. The Legislature, as a matter of policy, has limited the cases in which uninsured motorist liability may operate against other liabilities.

The judgment is affirmed.

Woods, J., and Early, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.